UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH T. EVANS, ) | CASE NO. C07-0715-JCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| 7-11 CONVENIENCE STORES, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Joseph T. Evans, proceeding *pro se*, submitted an *in forma pauperis* (IFP) application and a proposed Complaint pursuant to 42 U.S.C. § 1983. (Dkt. 1.) Plaintiff directs his complaint against three different 7-11 Convenience Stores, alleging these businesses violated his civil rights through racial profiling and discriminatory treatment. He describes an incident at one of the stores which led to his arrest and incarceration.

Under 28 U.S.C. § 1915(e)(2)(B), the court may deny an application to proceed IFP and should dismiss an action if, among other things, it is frivolous or the Complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). An action is frivolous if "it lacks an arguable basis either in

REPORT AND RECOMMENDATION
PAGE -1

01 law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

02 Although plaintiff pursues his claims pursuant to 42 U.S.C. § 1983, he has not alleged a claim that may be brought under that statute. An action under § 1983 may be brought if the plaintiff is deprived of his federal or constitutional rights by a person who is acting under color of state law. The 7-11 Convenience Stores named by plaintiff are not "persons" subject to suit under this statute. In addition, private parties generally do not act under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). An exception to this rule may exist when there is a conspiracy between state officials and a private party. *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000). However, plaintiff does not allege, nor does there appear to be any such conspiracy in this case.

11 Accordingly, because of the deficiencies in plaintiff's proposed Complaint, his IFP application should be denied and this action dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B) (requiring *sua sponte* dismissal); *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981) (permitting *sua sponte* dismissal). **If plaintiff believes that the deficiencies outlined herein can be cured by an amendment to his Complaint, he should lodge an Amended Complaint as a part of his objections, if any, to this Report and Recommendation.** A proposed Order accompanies this Report and Recommendation.

18 DATED this 22nd day of May, 2007.

Mary Alice Theiler
United States Magistrate Judge