1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH T. EVANS,

               Plaintiff,

     v.

7-11 CONVENIENCE STORES, et al.,

               Defendants,

CASE NO. C07-0715-JCC

ORDER

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Mary Alice Theiler (Dkt. No. 6) and the Plaintiff's Amended Complaint and Objections (Dkt. No. 9). Having reviewed the relevant materials, the Court ADOPTS the R&R and DISMISSES this action without prejudice, for the following reasons.

On May 8, 2007, Plaintiff filed a civil rights claim under 42 U.S.C. § 1983, alleging that Defendants subjected him to racial profiling, defamation, and other discriminatory treatment. In her R&R, Judge Theiler properly addressed Plaintiffs § 1983 claim, explaining that Defendants are private parties not acting under color of state law. The R&R, however, instructed Plaintiff to file additional materials showing a conspiracy, if any, that would bring the private parties under the umbrella of § 1983. *See DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000).

ORDER – 1

1    In his Objections and Amended Complaint, Plaintiff raises new issues for the Court to consider.

2   First, he claims Defendants and police entered a conspiracy in 2005, when Defendants permitted police to

3   perform a narcotics sting on the 7-11 premises.  Specifically, Plaintiff alleges that Defendants consented

4   to have a confidential informant operate on the site, while police monitored the store for illegal drug

5   sales.  Second, Plaintiff invokes 18 U.S.C. § 242.

6   **A.      42 U.S.C. § 1983**

7    In order to bring private-party Defendants within the ambit of § 1983, Plaintiff must establish a

8   conspiracy between Defendants and state officials.  The requisite conspiracy, as envisioned by § 1983,

9   includes a meeting of the minds between parties to deprive Plaintiff of his Constitutionally protected

10  rights.  *United Steelworkers v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir. 1989) (en banc).

11   Plaintiff asserts that the 2005 drug bust established a conspiracy permitting the enforcement of §

12  1983 against Defendants in the present racial discrimination action.  The Court cannot agree.  Plaintiff's

13  allegations as to the 2005 drug sting do nothing to resurrect his claim of racial discrimination in 2007 by

14  Defendants.  The Court can find no plausible relationship between the 2005 drug sting and the alleged

15  discriminatory treatment by private parties two years later.  Plaintiff, in his own filings, admits that the

16  police officers participating in these distinct encounters were not the same.  Accordingly, the 2005

17  narcotics sting evidences no conspiracy between state officials and Defendants that bears on a § 1983

18  claim arising out of the 2007 incident.

19   Because federal courts construe *pro se* plaintiffs' claims liberally, however "inartful," *Eldridge v.*

20  *Block*, 832 F.2d 1132, 1137 (9th Cir. 1987); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per

21  curiam), the Court will interpret the allegations of conspiracy between Defendants and police officers in

22  2005 as a separate § 1983 claim.

23   Nevertheless, Plaintiff's description of the 2005 drug bust itself also fails to rise to the level of

24  conspiracy outlined in *United Steelworkers*, 865 F.2d at 1540–41.  A § 1983 conspiracy requires that

25  police and private-party Defendants form an agreement to violate protected rights.  Plaintiff's description

26  ORDER – 2

1    of the narcotics sting describes only the normal function of law enforcement.  Accordingly, Plaintiff fails

2    to allege a conspiracy violative of his Constitutional rights, even if he does allege some level of

3    cooperation.  Therefore, any separate § 1983 claim stemming from the 2005 narcotics sting fails as well.

4    **B.    42 U.S.C. § 1985**

5          Again construing Plaintiff's pleading liberally, the Court notes that Plaintiff's conspiracy

6    allegations may also present a cause of action under 42 U.S.C. § 1985.  Unlike § 1983, § 1985 does reach

7    purely private conduct.  *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971).  Thus, no nexus between

8    Defendants and any state actors would be required.  Subsection (1) involves interfering with officers'

9    performance of duties, and subsection (2) involves obstruction of justice.  Plaintiff's Amended Complaint

10   is insufficient to allege a cause of action under either of these subsections.  Accordingly, the Court looks

11   to subsection (3) as a possible source of a valid § 1985 claim.  To state a claim under § 1985(3),

12
          the plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of
13        depriving, either directly or indirectly, any person or class of persons of the equal
          protection of the laws, or of equal privileges and immunities under the laws; and (3) an act
14        in furtherance of the conspiracy; (4) whereby a person is either injured in his person or
          property or deprived of any right or privilege of a citizen of the United States.

15   *United Bhd. of Carpenters and Joiners of Am. v. Scott*, 463 U.S. 825, 828–29 (1983) (citing *Griffin*, 403
16
     U.S. at 102–03).  The second element of a § 1985(3) claim, as defined above, requires that there be
17
     "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the
18
     conspirators' action."  *Griffin*, 403 U.S. at 102.
19
          As to the 2005 drug bust, Plaintiff does not plead, and has introduced no scintilla of evidence to
20
21   prove, that Defendants' actions were motivated by racial or other qualifying class-based animus.  As to

22   the 2007 incident, while Plaintiff has alleged racial animus, he nevertheless has failed to identify any

23   specific facts indicating a conspiracy between the Defendants.  *See Karim-Panahi v. Los Angeles Police*

24   *Dept.*, 839 F.2d 621, 626 (9th Cir. 1988) (holding that a § 1985 claim "must allege facts to support the

25

26   ORDER – 3

1    allegation that defendants conspired together").  Accordingly, Plaintiff's conspiracy allegations fail as §

2    1985(3) causes of action.

3    **C.     18 U.S.C. § 242**

4         Finally, as a new argument in his Objections and Amended Complaint, Plaintiff mistakenly relies

5    on 18 U.S.C. § 242.  As a criminal statute, § 242 does not provide a civil cause of action.  *Aldabe v.*

6    *Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Moreover, because a § 242 prosecution is the criminal

7    counterpart to a § 1983 civil action, any claim thereunder would be redundant in any event.  *See Lugar v.*

8    *Edmondson Oil Co., Inc.*, 457 U.S. 922, 929 nn.9 (citing *Monroe v. Pape*, 365 U.S. 167, 185 (1961)) &

9    13 (1982).

10        For the foregoing reasons, the Court ADOPTS the R&R, DENIES the application to proceed *in*

11   *forma pauperis*, and DISMISSES this action without prejudice.  The Clerk is directed to send copies of

12   this Order to Plaintiff and Judge Theiler, and to CLOSE this case.

13        SO ORDERED this 13th day of July, 2007.

14

15

16

17        John C. Coughenour
          United States District Judge

26   ORDER – 4